**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL J. CAPESIUS, RICHARD T. CLUCAS, JR., JOSEPH DES JARDINS, LYNN M. FISHMAN, CARL HASTEN, LINDA THOMPSON, TORY WIDEMAN, and all others similarly situated, | ) ) ) ) ) | |
| | ) | Case No.: |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge: Magistrate Judge: |
| CITY OF EVANSTON, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Daniel J. Capesius ("Capesius"), Richard T. Clucas, Jr. ("Clucas"), Joseph Des Jardins ("Des Jardins"), Lynn M. Fishman ("Fishman"), Carl Hasten ("Hasten"), Linda Thompson ("Thompson"), Tory Wideman ("Wideman"), and all others similarly situated, by and through their attorneys, Ryan A. Hagerty, Matthew Pierce, and Naomi Frisch of Asher, Gittler & D'Alba, Ltd., hereby complain of Defendant, the City of Evanston, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"). In support of their Complaint, Plaintiffs state and allege as follows:

### NATURE OF THIS ACTION

1.      This is an action to recover unpaid overtime compensation and other relief under the FLSA, 29 U.S.C. §§ 207, 216, and the IMWL, 820 ILCS 105/4(a). Since at least 2004 and continuing through December of 2021, Plaintiffs and all others similarly situated have been paid only straight-time pay for all hours worked over forty in a seven-day workweek. Plaintiffs seek relief in the form of compensation at one and one-half times their regular rate(s) of pay for all

hours worked in excess of forty in each seven-day workweek that falls within the applicable statute of limitations period, liquidated damages under the FLSA, treble damages plus interest due under the IMWL, and all attorneys' fees and costs incurred in bringing this action.

## JURISDICTION AND VENUE

2.      Jurisdiction for this action is conferred upon this Court by 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

3.      Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) because the unlawful employment practices occurred in this judicial district, and Defendant has its principal place of business in this judicial district.

## PARTIES

4.      At all relevant times, Plaintiffs and all others similarly situated are or were "employees," as that term is defined within the meaning of Section 203(e) of the FLSA, 29 U.S.C. § 203(e), of Defendant City of Evanston.

5.      At all relevant times, Plaintiffs and all others similarly situated are or were "employees" of Defendant within the meaning of Section 3(d) of the IMWL, 820 ILCS 105/3(d).

6.      Plaintiffs bring this action on their own behalf and on behalf of all other current and former employees similarly situated to them pursuant to 29 U.S.C. § 216(b).  A copy of each named Plaintiff's consent form is attached hereto and contemporaneously filed herewith.

7.      Defendant City of Evanston is a municipality and public employer located in Cook County, Illinois, in this judicial district. Defendant City of Evanston is a "public agency" as that term is defined in Section 203(x) of the FLSA, 29 U.S.C. § 203(x).

8.      At all relevant times, Defendant City of Evanston was considered an "enterprise engaged in commerce or in the production of goods for commerce" for purposes of Section 203(s) of the FLSA, 29 U.S.C. § 203(s)(1)(C).

9.      At all relevant times, Defendant City of Evanston was an "employer" of Plaintiffs and all others similarly situated as that term is defined in Section 203(d) of the FLSA, 29 U.S.C. § 203(d), and, as such, was (and still is) subject to the provisions of Section 7 of the FLSA, 29 U.S.C. § 207.

10.     At all relevant times, Defendant City of Evanston was an "employer" of Plaintiffs and all others similarly situated within the meaning of Section 3(c) of the IMWL, 820 ILCS 105/3(c).

## FACTS COMMON TO ALL COUNTS

11.     Defendant City of Evanston's Police Department oversees and is responsible for the staffing of the 911-Emergency Telephone Systems Board, which is located in the City of Evanston.

12.     At all relevant times, Plaintiffs have worked as 911 Dispatchers, or "telecommunicators," for Defendant City of Evanston, working within the City's Police Department.

13.     Plaintiffs' positions as "telecommunicator" are non-exempt positions for purposes of the FLSA and the IMWL.

14.     Plaintiffs are or were non-sworn employees of the City's Police Department.

15.     As civilian, non-sworn employees, Plaintiffs and all others similarly situated are not subject to any exemption under section 207(k) of the FLSA and are specifically excluded from such exemption pursuant to 29 C.F.R. § 553.211(g).

3

16.     Plaintiff Daniel J. Capesius has been employed as a telecommunicator at the City of Evanston since 1991.

17.     Plaintiff Richard T. Clucas, Jr. has been employed as a telecommunicator at the City of Evanston since 1999.

18.     Plaintiff Joseph Des Jardins was employed as a telecommunicator at the City of Evanston beginning in 2001 and retired in June 2021.

19.     Plaintiff Lynn M. Fishman was employed as a telecommunicator at the City of Evanston beginning in 1990 and retired in April 2021.

20.     Plaintiff Carl Hasten has been employed as a telecommunicator at the City of Evanston since 2005.

21.     Plaintiff Linda Thompson has been employed as a telecommunicator at the City of Evanston since 2004.

22.     Plaintiff Tory Wideman has been employed as a telecommunicator at the City of Evanston since 2003.

23.     Plaintiffs and all others similarly situated are paid an hourly rate for their work.

24.     Prior to 2004, Plaintiffs Capesius, Clucas, Jr., Des Jardins, Fishman, and Wideman and Defendant's other telecommunicators worked 8-hour days.

25.     Beginning in 2004, Plaintiffs' schedules and the schedules of all other telecommunicators were changed from an 8-hour work day to a 12-hour work day.  From 2004 through the present, telecommunicators have worked the following schedule in a rotating pattern:

      a.  2 days on, 2 days off

      b.  3 days on, 2 days off

      c.  2 days on, 3 days off

4

26.     Due to the schedule described above, in any given seven-day period, Plaintiffs would work either two 12-hour shifts or five 12-hour shifts, for a total of 24 hours (minus one half-hour unpaid lunch per shift) one week, 60 hours (minus one half-hour unpaid lunch per shift) the next week, and 84 hours (minus one half-hour unpaid lunch per shift) total in each fourteen-day period.

27.     Since 2004 and continuing through December of 2021, Plaintiffs were paid their straight-time hourly rate of pay (i.e., their regular rate of pay) for all hours worked in accordance with the above schedule. Thus, in workweeks in which each Plaintiff worked five, 12-hour shifts, each Plaintiff would work a minimum of 17.5 hours (i.e., 20 hours less one, 30-minute, unpaid meal period per shift) in excess of forty (40), but would not receive compensation for such hours at one-and-one-half times their regular rate of pay (i.e., the overtime rate) as required by the FLSA and the IMWL.  This typically happened every other workweek for each Plaintiff since 2004.

28.     In or about 2021, the United States Department of Labor ("DOL") conducted an investigation into the City of Evanston's pay and overtime practices. As a result of that investigation, on or about December 10, 2021, the DOL issued findings that the City of Evanston's practice of paying only straight time for all regularly-scheduled hours worked by telecommunicators in excess of forty in a seven-day period violated the FLSA. The DOL directed the City of Evanston to demonstrate compliance with the FLSA moving forward.

29.     On or about December 15, 2021, the City of Evanston notified all telecommunicators that it would be prospectively modifying its overtime policy and practices in an attempt to comply with the FLSA. As of the date of this filing, the City of Evanston has not made any payment to compensate Plaintiffs and other telecommunicators for the years that they were deprived of overtime pay in violation of the FLSA.

## COUNT I

### *(Failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a))*

30.     Plaintiffs re-allege and incorporate all previous paragraphs of this Complaint as though set forth fully herein.

31.     By failing and refusing to pay Plaintiffs, and all other similarly situated employees, one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours during multiple workweeks occurring within the three years preceding the date on which this Complaint was filed, as alleged in detail above, Defendant has violated Sections 207 and 215(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2).

32.     Defendant's violations of the FLSA were willful in that Defendant's failure to pay the proper overtime compensation was done knowingly and intentionally in violation of the FLSA or with reckless disregard for Defendant's obligations under the FLSA.

**WHEREFORE,** Plaintiffs Daniel J. Capesius, Richard T. Clucas, Jr., Joseph Des Jardins, Lynn M. Fishman, Carl Hasten, Linda Thompson, Tory Wideman, and all others similarly situated, pray that judgment be entered against Defendant as follows:

A.     A declaratory judgment finding that Defendant willfully violated Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2).

B.     A money judgment against Defendant for all sums which may be found to be due to Plaintiffs, and all other similarly situated employees, as compensatory damages, interest, liquidated damages, attorneys' fees and costs.

C.     An order directing all other and additional relief deemed just and proper by the Court.

## COUNT II

### *(Failure to Pay Overtime in Violation of the Illinois Minimum Wage Law, 820 ILCS 105/4)*

33.     Plaintiffs re-allege and incorporate all previous paragraphs of this Complaint as though set forth fully herein.

34.     By failing and refusing to pay Plaintiffs, and all other similarly situated employees, one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours during multiple workweeks occurring within the three years preceding the date on which the Complaint was filed, as alleged in detail above, Defendant has violated Section 4a of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

34.     Defendant's violations of the IMWL were willful in that Defendant's failure to pay the proper overtime compensation was done knowingly and intentionally in violation of the IMWL or with reckless disregard for Defendant's obligations under the IMWL.

**WHEREFORE,** Plaintiffs Daniel J. Capesius, Richard T. Clucas, Jr., Joseph Des Jardins, Lynn M. Fishman, Carl Hasten, Linda Thompson, Tory Wideman, and all others similarly situated, pray that judgment be entered against Defendant as follows:

A.     A declaratory judgment finding that Defendant willfully violated Section 4a of the IMWL, 820 ILCS 105/4a.

B.     A money judgment against Defendant for all sums which may be found to be due to Plaintiffs, and all other similarly situated employees, as compensatory damages, treble damages, damages in the amount of 5% of the amount of any underpayments for each month following the date of payment during which such underpayments remain underpaid, attorneys' fees and costs.

         C.       An order directing all other and additional relief deemed just and proper by the Court.

## JURY TRIAL DEMANDED

Plaintiffs request a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,


/s/ Ryan A. Hagerty


/s/ Matt Pierce


/s/ Naomi Frisch


Ryan A. Hagerty
Matt Pierce
Naomi Frisch
Asher, Gittler, & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, Illinois 60606
(312) 263-1500 (phone)
(312) 263-1520 (fax)
rah@ulaw.com
mjp@ulaw.com
naomi@ulaw.com

*Attorneys for Plaintiffs*